# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | |
| **RICHARD W. KNIGHT** ) | Case No. 05-05701-TLM |
| ) | |
| Debtor. ) | **MEMORANDUM OF DECISION** |
| ) | |
| _____ ) | |

## INTRODUCTION

Many of the procedural and substantive requirements for bankruptcy relief were altered by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").[1] Two new requirements apply to debtors who are individuals – they must obtain consumer credit counseling within the 180 days *before* they file a bankruptcy petition[2] and they must complete an instructional course in personal financial management *after* they file bankruptcy as a condition of entry of discharge. This chapter 7 case concerns the second of these new requirements.

Section 727(a)(11) states in pertinent part:

(a) The court shall grant the debtor a discharge, unless –

---

[1] Pub. L. No. 109-8, 119 Stat. 23 (2005). Citations in this Decision are to the Bankruptcy Code, Title 11 of the U.S. Code, as amended by BAPCPA.

[2] *See* § 109(h); *In re Rodriguez*, 336 B.R. 462, 05.4 I.B.C.R. 102 (Bankr. D. Idaho 2005). Here, Debtor obtained and properly certified his completion of prebankruptcy credit counseling. *See* Doc. No. 5.

MEMORANDUM OF DECISION - 1

. . .
> (11) after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in section 111, except that this paragraph shall not apply with respect to a debtor who is a person described in section 109(h)(4) or who resides in a district for which the United States trustee (or the bankruptcy administrator, if any) determines that the approved instructional courses are not adequate to service the additional individuals who would otherwise be required to complete such instructional courses under this section.

Section 727(a)(11).[3]

The amendments do not address the mechanism by which a debtor proves he has complied with § 727(a)(11), nor when that compliance must occur. That was left to the Rules.

Interim Rule 1007 implements § 727(a)(11).[4]  It requires that a debtor file a certification of completion of a financial management education course, and requires the certification be filed within 45 days of the first date set for the meeting of creditors under § 341(a).[5]

---

[3] Section 111, also added by BAPCPA, does not "describe" the instructional course in personal financial management as § 727(a)(11) suggests, but it does outline standards the provider of the course must meet in order to be approved by the United States Trustee. *See* § 111(d)(1)(A)-(E), § 111(d)(2)(A)-(B).

[4] This Court adopted the Interim Rules by General Order 199 (Oct. 17, 2005).

[5] Interim Rule 1007(b)(7) states that "[a]n individual debtor in a chapter 7 or chapter 13 case shall file a statement regarding completion of a course in personal financial management, prepared as prescribed by the appropriate Official Form."  The Official Form each individual debtor must complete to provide such a certification is Official Form 23. *See* Fed. R. Bankr. P. 9009 (requiring use of Official Forms).  The Form notes that if the provider of the course furnishes a document attesting to the completion of the course, it must be attached.  Interim Rule 1007(c) requires that certification to be filed within 45 days after the first date set for the meeting
(continued...)

MEMORANDUM OF DECISION - 2

The failure to timely file such a certification does not require dismissal of the case, or alter the trustee's administration of the case or estate, or prevent the Clerk from closing the case. It merely precludes entry of the debtor's discharge.

When this no asset chapter 7 case was properly subject to closing, Debtor's failure to file the required financial education course certification resulted in the closing of his case without a discharge. Debtor thereafter moved to reopen the case in order to remedy the defect and obtain his discharge. He also asked the Court to waive the filing fee assessed on the reopening.

At a hearing on Debtor's motion, the Court determined that the motion to reopen would be granted and an appropriate order was entered. *See* Doc. No. 32. The request to waive the filing fee was taken under advisement. The Court concludes, for the reasons following, that it will be denied.

## BACKGROUND AND FACTS

Richard Knight ("Debtor"), represented by experienced consumer bankruptcy attorneys ("Counsel"), filed his chapter 7 bankruptcy petition on November 7, 2005, after BAPCPA's October 17, 2005, effective date. Debtor's § 341(a) meeting of creditors and examination was scheduled for and held on December 8, 2005. By virtue of Interim Rule 1007, Debtor was to file by January 22, 2006, his certification showing compliance with the post-bankruptcy financial

---

[5](...continued)
of creditors.

MEMORANDUM OF DECISION - 3

education requirement.

On November 10, 2005, at the same time the Clerk issued the notice of the § 341(a) meeting, the Clerk separately sent a notice (the "First Notice") reminding Debtor and his Counsel of the requirement to complete the financial management course and file the certification within 45 days of the date set for the meeting of creditors. *See* Doc. Nos. 7, 10.[6] The First Notice not only advised Debtor and his Counsel of what the Code and Rules require, it reminded them of the potential consequence of closure of the case without discharge should they fail to comply. *Id.* It additionally advised that if Debtor were to bring a motion to reopen a closed case in order to file the Official Form 23 certification, a reopening fee would be required. *Id.*[7]

At the conclusion of the 45 day period, Debtor still had not filed Official Form 23 certifying his completion of the requisite financial management course. The Clerk sent out another notice (the "Second Notice") instructing Debtor that if the required Form 23 certification was not filed within 30 days of the date of the Second Notice, his case could be closed without entry of discharge. *See* Doc. No.

---

[6] The First Notice was sent to Debtor by mail, *see* Doc. No. 10, and it was served on all the CM/ECF participants associated with Debtor's case, including Debtor's Counsel.

[7] The First Notice issued here said a debtor "must pay" the filing fee on reopening. The language of this Notice has since been changed to indicate a debtor "may be required to pay" the fee. This change was in recognition of the Court's discretion to waive the fee, as is discussed later in this Decision.

MEMORANDUM OF DECISION - 4

17.  In addition, the Second Notice again warned Debtor that, if the case was closed without discharge and he moved to reopen it, he may be required to pay a reopening fee. *Id.* The Second Notice was again served on Debtor by mail, *see* Doc. No. 18, and on his Counsel electronically.[8]

Debtor still did not file his financial management certification so, on March 20, 2006, well after the additional thirty days elapsed, the Clerk closed the case. *See* Doc. No. 20.

Four days later, on March 24, 2006, Debtor filed a "Motion to Reopen Case and Request for Waiver of Filing Fee" ("Motion"). *See* Doc. No. 21.[9] Though the Motion was not yet granted, on April 6, 2006, Debtor filed his financial management course certification. *See* Doc. No. 27.

The Court set Debtor's Motion for hearing on April 19, 2006. Counsel made several arguments and some factual representations at the hearing. Counsel explained that Debtor had encountered difficulties in getting the certificate of completion he was to attach to Official Form 23 from the agency that provided the

---

[8] As noted, the Rule 1007(c) deadline was January 22, 2006. The Second Notice was dated February 7, 2006. It was served that date on Counsel through ECF, and was mailed to Debtor on February 9.

[9] A redundant § 350(b) motion, Doc. No. 25, was filed to correct an ECF filing error (omission of Counsel's signature on the first motion). However, a filing fee was paid with each motion. *See* Doc. Nos. 24, 26. Thus, even absent the issue of waiver of Debtor's filing fee, discussed *infra*, Debtor is entitled to a $220.00 refund. The Clerk will issue the same.

MEMORANDUM OF DECISION - 5

financial education course.[10]  However, Counsel also conceded that no effort was made to file a motion or other request to alert the Court to these difficulties and seek a delay of the closing of the case while Debtor attempted to obtain the document.

In regard to the waiver of the reopening fee, Counsel argued that Debtor's request was based on (a) the fact that BAPCPA's requirements were "new" and the process untested, and (b) the possibility of a waiver was "invited" by the language of the Second Notice which indicated the fee "may" be required.  No other factual or legal basis for the suggested wavier was advanced.

## DISCUSSION AND DISPOSITION

Debtor's Motion to reopen lacked citation but was necessarily advanced under § 350(b), which provides:

> (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

As noted in *In re Ransom*, 00.1 I.B.C.R. 50, 2000 WL 33712560 (Bankr. D. Idaho 2000), a motion to reopen is committed to the discretion of the bankruptcy court, and it "legitimately presents only a narrow range of issues: whether further administration appears to be warranted; whether a trustee should be appointed; and

---

[10] The agency certificate indicates that the educational course was completed on March 7, 2006, which was approximately two weeks before the case was closed.  The certificate, however, was not executed by the agency providing the course until March 22, two days after closing, and it was not filed by Debtor until April 6.

MEMORANDUM OF DECISION - 6

whether the circumstances of reopening necessitate payment of another filing fee. Extraneous issues should be excluded." *Id.* at 51 (quoting *Menk v. Lapaglia (In re Menk)*, 241 B.R. 896, 916-17 (9th Cir. BAP 1999)). The burden of establishing sufficient or adequate "cause" to reopen lies with the moving party. *Id.*

Here, Debtor urged reopening to allow him to file the required certification of completion of financial management course and obtain a discharge. This provided sufficient cause to reopen since doing so would be, in the Code's language, "to accord relief to the debtor." *See* § 350(b).[11] The court found the Motion appropriate and previously granted it. And, inasmuch as the financial education certification is now of record, a discharge can and will be issued in due course.

The remaining issue is whether the Court should waive the filing fee. Fees are charged pursuant to 28 U.S.C. § 1930. Material here is § 1930(b), which states:

> The Judicial Conference of the United States may prescribe additional fees in cases under title 11 of the same kind as the Judicial Conference prescribes under section 1917(b) of this title.

The Judicial Conference has established under this authority a schedule of "miscellaneous fees" which includes a fee to reopen a case:

> (11) For filing a motion to reopen a Bankruptcy Code case, a fee shall

---

[11] The portion of § 350(b) regarding case reopening to "administer assets" is not implicated, and there is no need to appoint a trustee.

MEMORANDUM OF DECISION - 7

> be collected in the same amount as the filing fee prescribed by 28 U.S.C. § 1930(a) for commencing a new case on the date of reopening, unless the reopening is to correct an administrative error or for actions related to the debtor's discharge. *The court may waive this fee under appropriate circumstances* or may defer payment of the fee from trustees pending discovery of additional assets. If payment is deferred, the fee shall be waived if no additional assets are discovered.

*See* http://www.id.uscourts.gov/docs/bkfees06.pdf (emphasis supplied). Counsel explained that Debtor wanted a "waiver" of the fee.

It might be argued – though Counsel here did not – that reopening to allow a debtor to file a certification of completion of the financial education course and obtain his discharge falls within the language of the miscellaneous fee schedule immediately preceding the emphasized "waiver" language. This would be the portion of the fee schedule providing an exception to the fee requirement where "the reopening is to correct an administrative error or for actions related to the debtor's discharge." However, Debtor's failure to heed the requirements of the amended Code, the Interim Rules, and two additional notices, does not constitute an administrative error. Nor is it clear to this Court that a reopening to correct such a defect is an "action" related to debtor's discharge as contemplated in the fee schedule.

Debtor instead advances the Motion under the "waiver" language of the schedule. Debtor must therefore persuade the Court that "appropriate circumstances" exist. The Court concludes that an analysis of such a request must

MEMORANDUM OF DECISION - 8

be based on all the facts and circumstances established by the movant or otherwise appearing from the record.

The revised Code specifically requires an individual debtor to attend a post-bankruptcy personal financial management course in order to receive a discharge. Rule 1007 specifically requires the debtor file a certification of completion, and to do so within 45 days of the § 341(a) meeting date.

Recognizing that BAPCPA changes are new and perhaps confusing, this Court adopted a procedure to provide notice to debtors (and, if represented, their counsel) early in the case, reiterating the financial education course certification requirement. This is the function of the First Notice. The First Notice is provided in all chapter 7 cases in this District and is mailed at the same time notice of the § 341(a) meeting of creditors is sent. The Second Notice is sent if, at the conclusion of the 45 days allowed by Rule 1007(c), a debtor has not filed the certification or a motion to extend the time to file the certification.[12] Both notices specifically warn that failure to file a certification may lead to the closing of the debtor's case without entry of discharge *and* that any subsequent motion to reopen may require additional payment of fees.[13]

---

[12] The Second Notice does not and is not intended to extend the deadline set by the Rule. The Court expects attorneys representing debtors to file a motion for an extension within the 45 days if their clients cannot timely obtain the requisite financial management course and file the needed certification. *See* Fed. R. Bankr. P. 9006(b)(1) (allowing extensions of time for cause).

[13] The Court appreciates that different Districts have approached these issues of case
(continued...)

MEMORANDUM OF DECISION - 9

With all this information in hand, a debtor must provide specific facts to explain why he did not file his certification within the time allotted. Perhaps a debtor was prevented, for some medical or other personal reason, from attending a course within the time prescribed. Perhaps the difficulty was in getting the agency to timely provide the certificate. And, whatever the reason, the debtor must also explain why the problem was not brought to the Court's attention in a seasonable and timely way, *i.e.*, by filing some pleading prior to the expiration of the Rule 1007(c) period. Other factors and circumstances may also be important, such as whether the debtor was represented by counsel, or whether there is a reason to believe the notices issued by the Court were not received.

In other words, a waiver of the reopening fee need not be routinely or automatically granted. It is, at bottom, a matter for the assigned Judge who must, in the exercise of discretion, decide if "appropriate circumstances" have been shown. The burden is on the debtor.

In the present case, Debtor was represented by capable and knowledgeable

---

[13](...continued)
administration differently. *See*, *e.g.*, *In re Martinez*, 2006 WL 681068 (Bankr. N.D. Iowa March 13, 2006) (noting that procedures ensure expeditious administration of cases, and indicating extensions of the time to file financial management certifications should be rare). Many chapter 7 cases are "no asset" cases, and could be promptly closed with a discharge if the certification is timely filed in accord with Rule 1007. This Court's election to provide the First and, perhaps, Second Notice does require an investment of clerical effort. However, a regular habit of closing and, then, reopening cases also requires commitment of clerical resources. And, if the reopening includes a request for waiver of the reopening fee, there is also a necessary commitment of judicial resources. Perhaps with time and education on the realities of bankruptcy processes under BAPCPA, the need for and utility of these Notices will wane.

MEMORANDUM OF DECISION - 10

attorneys, familiar with the BAPCPA-revised Code and Interim Rules. Counsel admits knowing that a debtor must attend a financial education course and timely certify such attendance. In addition, Counsel admits that the Court's Notices, though not required by law, were received by Debtor and Counsel, and that the Notices emphasized the certification requirement, deadlines, and potential consequences. Counsel concedes that he could have advised the Court of the difficulties Debtor encountered in obtaining the agency certificate, and asked for the case to remain open pending receipt, but that he did not do so.[14]

The Court concludes that a waiver of the fee has not been justified. The Motion's request for a waiver will be denied.

The Court will enter an appropriate order.

DATED: May 10, 2006

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[14] These circumstances and Counsel's involvement raise the question of whether Debtor should bear personally the cost of the reopening fee. The Court need not address that issue here. Counsel offered at hearing – to its credit – that in the event the waiver request was denied, the reopening fee would be borne by Counsel and not by Debtor.

MEMORANDUM OF DECISION - 11